JAMES D. SLOAN (State Bar No. 220176)
CASONDRA K. RUGA (State Bar No. 237597)
WESTIN, BENSHOOF, ROCHEFORT, RUBALCAVA
& MacCUISH LLP
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
jsloan@wbcounsel.com
cruga@wbcounsel.com

WILLIAM H. FRANKEL (admitted *pro hac vice*)
JAMES P. NAUGHTON (admitted *pro hac vice*)
STEPHANIE J. FELICETTY (admitted *pro hac vice*)
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
Tel: (312) 321-4200
Fax: (312) 321-4299

Attorneys for Plaintiff
KIWO INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KIWO, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>PLANETB TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. CV07-06880 ABC (MANx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION, DOCUMENTS AND THINGS** |

WHEREAS, the parties recognize that because of discovery or otherwise, during the course of the above-titled action ("this action") each party, and possibly third-parties, may be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties have, through counsel, stipulated to entry of this Protective Order pursuant to Rule 26(c) to limit disclosure or dissemination of confidential information disclosed in this action;

IT IS HEREBY ORDERED that the following provisions of this Order shall govern and control the disclosure, dissemination, and use of information disclosed in this action.

1. This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this action. Any party or third-party disclosing information (hereinafter "disclosing party") may designate information or documents produced, used, or disclosed in connection with this action as "CONFIDENTIAL," by stamping the legend "CONFIDENTIAL" on the documents or information deemed confidential prior to production, or orally designating the documents or information as "CONFIDENTIAL," if recorded as part of a deposition or court record.

2. "CONFIDENTIAL" shall mean any testimony, information, documents, or data which constitute confidential, proprietary, business, personal, or technical information of the disclosing party which is not publicly available, or information and documents that contain or refer to trade secrets or other confidential or technical research, development, business, or financial information and that, if disclosed to a business competitor or other party, would tend to damage the disclosing party's competitive position or violate a non-disclosure agreement. The "CONFIDENTIAL" status shall be invoked by a disclosing party only relative to documents that contain confidential information that legitimately falls within the definition of protectable documents under Fed. R. Civ. P. 26(c). In designating Information and materials as "CONFIDENTIAL," counsel for a disclosing party shall make such designation only as to that information that

he or she in good faith believes to be "CONFIDENTIAL." Information and materials designated as "CONFIDENTIAL" may include one or more of the following categories: research and development documents or apparatus; test documents; internal financial statements; market studies documents; sales forecasts; sales documents including sales volumes, profits and costs; customer information, trade secrets; internal patent documents; licenses; competitive analysis documents; third-party documents subject to non-disclosure agreements; request for proposals subject to non-disclosure agreements; request for quotations subject to non-disclosure agreements; and documents relating to internal company policies.

3. Designation of "CONFIDENTIAL" on a document may be accomplished by marking the document with the legend "CONFIDENTIAL." Marking the cover of a multi-page document "CONFIDENTIAL" shall designate all pages of the document confidential. All documents produced for inspection to opposing counsel shall be treated as "CONFIDENTIAL" pursuant to this Order, whether or not such documents are so marked. When copies of inspected documents are requested, only those produced documents marked "CONFIDENTIAL" shall be treated as confidential pursuant to this Order.

4. Information conveyed or discussed in testimony at a court hearing shall be subject to this Order provided it is designated "CONFIDENTIAL" orally or in writing either at the time the testimony is given or after receipt by the parties of the transcript. Unless all parties agree otherwise in advance, information conveyed or discussed in testimony at a deposition shall be subject to this Order and shall initially be designated "CONFIDENTIAL" at the time the testimony is given. During such time as any information or documents designated "CONFIDENTIAL" are disclosed in a deposition, any party shall have the right to exclude from attendance at

the deposition any person who is not entitled to receive such information or documents pursuant to this Order. Unless counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "CONFIDENTIAL" for a period of time not to exceed 60 days after the party receives a copy of the deposition transcript, during which time the party may designate, in writing, those portions of the transcript that are to be treated as "CONFIDENTIAL." If a party fails to designate in writing any portions of the transcript as "CONFIDENTIAL" within the 60 day period, the transcript and the information contained therein need not be treated as "CONFIDENTIAL" pursuant to this Order. If a party intends to offer into evidence or otherwise disclose in open court any documents or information designated by another party or non-party as "CONFIDENTIAL" counsel for the offering party shall notify the designating party or non-party that he intends to disclose "CONFIDENTIAL" information in open court prior to the disclosure, so that the designating party or non-party may confer with the Court concerning appropriate procedures for protecting its "CONFIDENTIAL" information.

5.  Subject to the provisions of Paragraphs 2 and 3, the failure to designate information or documents as "CONFIDENTIAL" in accordance with this Order and the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to the designation of information or documents as "CONFIDENTIAL." The parties understand and acknowledge that failure of a party to designate information or documents as "CONFIDENTIAL" relieves the receiving party of the obligations of confidentiality under this Order until such a designation is made, except as otherwise provided herein. If, at any time, a party or non-party changes the designation of information or documents to

"CONFIDENTIAL," all parties in possession of information or documents bearing the "CONFIDENTIAL" designation, shall return all such information or documents, or alter the copies to properly reflect the new "CONFIDENTIAL" designation, if they may see such documents or information pursuant to this Order.

6. A party that objects to the designation of any document or information as "CONFIDENTIAL" shall provide written notice of the objection to the designating party. The notice shall state with specificity the document objected to and the basis for the objection. If the dispute cannot be resolved between the parties, the objecting party may move the Court requesting that the document(s) in question be redesignated. If such motion is brought by the objecting party, the designating party shall bear the burden of establishing the confidentiality of the document(s) in question. No party shall be under any obligation to object to any designation of confidentiality at the time such designation is made, or any time thereafter. No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such a designation at any time thereafter.

7. Other than by the disclosing party, any information or document designated as "CONFIDENTIAL" shall be used solely in connection with this action and shall not be used in any other action or in any other manner by a receiving party. "CONFIDENTIAL" designated information or documents shall not be disclosed to anyone other than:

    a. the Court and court personnel;

    b. court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel;

    c. the following outside counsel of the parties and their personnel:

BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611-5599

WESTON, BENSHOOF, ROCHEFORT, RUBALCAVA & MACCUISH LLP
333 South Hope St., 16th Floor
Los Angeles, California 90071

SNELL & WILMER LLP
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626

  d. experts, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than outside counsel is shown or receives any information or document designated as "CONFIDENTIAL" he or she must execute a declaration in the form and scope of Exhibit A attached hereto according to the procedures of Paragraph 8;

  e. persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying;

  f. outside vendors who perform microfiching, photocopying, scanning, computer classification, translation, or similar clerical functions in connection with this action, but only for so long as necessary to perform those services; and

  g. any other individuals who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph 8), or who are approved by the Court upon motion by either party to this action.

  8. The attorneys of record for each of the parties shall retain the original, executed declarations (in the form and scope of Exhibit A hereto) that have been executed by that party's experts, translators, jury

consultants, mock jury members, or other individuals identified in paragraphs 7(d) and 7(g) of this Order. It shall be sufficient for an expert, translator, jury consultant, mock jury member, or other individual to execute the declaration on behalf of the members and employees of his or her firm; no additional declarations are necessary from such members and employees. Prior to disclosure of any documents or information designated "CONFIDENTIAL" to any experts, translators, jury consultants, mock jury members, or other individuals identified in paragraphs 7(d) and 7(g) of this Order, a copy of the executed declaration shall be served upon opposing counsel, (for experts the declaration must also include a copy of such person's curriculum vitae, a general statement of any prior or current relationship or connection with either party). Opposing counsel shall make any objections to the disclosure to the expert, translator, jury consultant, mock jury member, or other individual in writing no later than ten (10) business days from the date of receipt. In the case of an objection, no disclosure shall occur until the objection is resolved, or the Court grants a motion permitting disclosure. The burden to file any such motion is on the party that seeks to disclose documents or information designated "CONFIDENTIAL" to an expert, translator, jury consultant, mock jury member, or other individual. Any objections made to disclosure must be in good faith and not interposed for purposes of delay or harassment.

9. a. Subject to the provisions of Paragraphs 7, 8, 9(b), and 11, this Order shall not prevent a party from using any information or materials designated "CONFIDENTIAL" during depositions, hearings, trial, or other proceedings held in this action.

a. At the deposition of a third party, such third party may be shown any document or other material designated "CONFIDENTIAL", provided that: (i) the third party authored, created, or received the document

or other material; (ii) per the agreement of the parties, the third party is made subject to this Order by executing a declaration in the form and scope of Exhibit A attached hereto; or (iii) counsel for the disclosing party consents at the deposition.

10. The terms of this Order shall be applicable to any third party who produces information that is designated by such third party or a party hereto as "CONFIDENTIAL".

11. In the event that a party wishes to use "CONFIDENTIAL" information in any paper filed with the Court, the party shall comply with the applicable rules and procedures. Whenever any document designated as "CONFIDENTIAL" or any pleading designated as containing confidential information is filed with the Court, such document or pleading shall display a bold heading on its first page in substantially the following form: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER." The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this litigation which have been designated, in whole or in part, as containing confidential information by a party to this litigation. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

12. Unless otherwise permitted herein, within sixty (60) days after the final disposition of this action, including all appeals therefrom, all documents (originals and copies) designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody, or control of parties other than the disclosing party, and experts, investigators, advisors, or consultants shall be returned to counsel for the disclosing party or destroyed at the option of counsel to the disclosing party. Outside counsel for each party may maintain in its files all materials filed with or otherwise

presented to the Court, deposition and trial transcripts, and work product (regardless of whether such materials contain or refer to "CONFIDENTIAL" materials) for archival purposes only, but shall return all additional copies of such documents, pleadings, trial exhibits, deposition exhibits, work product, and transcripts or destroy them, at the option of counsel for the other side. Upon request, the parties and their counsel shall separately provide written certification to the disclosing party within sixty (60) days after the final disposition of this action that the actions required by this paragraph have been completed.

    13.   The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order. This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

    14.   A party in receipt of documents or information designated as confidential hereunder who is required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall (a) notify, in writing, the person or entity who originally disclosed/produced the "CONFIDENTIAL" documents or information within ten (10) business days prior to any applicable deadline under any Federal rule or regulation, or twenty (20) days after the party's notice of the request to produce, whichever is earlier, and (b) if the person or entity who originally disclosed/produced the "CONFIDENTIAL" documents or information objects to the production of such documents or information, provide a written response to the subpoena or other process, containing a statement to that effect without disclosing the documents or

information. The original disclosing/producing person or entity shall promptly notify the party requested to make disclosure, of the intentions of the original disclosing/producing party with respect to the requested disclosure. The original disclosing/producing person or entity shall have the burden of defending against such subpoena, process or order. The Party receiving the subpoena or other process shall comply with it except to the extent the original disclosing/producing person or entity is successful in obtaining an order modifying or quashing it. Nothing set forth herein shall be deemed or construed to require any party to violate any subpoena, governmental or court order, or any applicable law.

15. This Order shall not be construed to prevent any party or person from making use of or disclosing information that:

a. was lawfully in that party's or person's possession and not under an obligation of secrecy with respect to such information, before receipt of such information from a producing party;

b. becomes lawfully known to that party or person in a manner that does not violate the provisions of this Order; or

c. was or is hereafter lawfully obtained from a source or sources other than the producing party or any person under an obligation of secrecy with respect to the producing party.

16. In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

17. Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "CONFIDENTIAL" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party. Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in this action beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to this action.

18. Nothing in the order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing; any request for confidentiality, closure, or sealing of any hearing or trial must be made to the judge then presiding over this action. A party intending to introduce confidential information or documentation at any hearing or trial in this action will approach the bench for a ruling on how the information or documentation is to be treated.

19. Nothing herein shall bar or otherwise restrict any attorney covered by this Order from rendering advice to his or her client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of information or documents produced or exchanged that are designated as "CONFIDENTIAL;" provided, however, that on rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the contents of the information or documents designated as "CONFIDENTIAL" produced by another party if that disclosure would be contrary to the terms of this Order.

20. All notices required by this Order are to be served via facsimile with confirmation by regular mail to the appropriate attorney(s) at Brinks

Hofer Gilson & Lione; Weston, Benshoof, Rochefort, Rubalcava & MacCuish; and Snell & Wilmer. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was sent. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

21.   This Order shall not prevent any party from applying to the Court for a further order of injunctive relief, and shall not preclude any party from enforcing its rights at law or in equity with respect to any information, document, or thing against any other person, including another party, believed to be violating the rights of any party.

22.   The parties agree to abide by and be bound by the terms of this Order upon signature hereof as if the Order had been entered on that date.

Dated: 1-10-08   PLANETB TECHNOLOGIES, INC.

By: _____
One of their Attorneys
Albin H. Gess (State Bar No. 52404)
Sean D. Burdick (State Bar No. 228533)
Edward Y. Lin (State Bar No. 246495)
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

| | |
|---|---|
| Dated: 1/8/08 | KIWO, INC.<br><br>By: _____<br>One of their Attorneys<br>JAMES D. SLOAN (State Bar No. 220176)<br>CASONDRA K. RUGA (State Bar No. 237597)<br>WESTIN, BENSHOOF, ROCHEFORT, RUBALCAVA & MacCUISH LLP<br>333 South Hope Street, Sixteenth Floor<br>Los Angeles, California 90071<br>Telephone: (213) 576-1000<br>Facsimile: (213) 576-1100<br>jsloan@wbcounsel.com<br>cruga@wbcounsel.com<br><br>WILLIAM H. FRANKEL (admitted *pro hac vice*)<br>JAMES P. NAUGHTON (admitted *pro hac vice*)<br>STEPHANIE J. FELICETTY (admitted *pro hac vice*)<br>BRINKS HOFER GILSON & LIONE<br>NBC Tower, Suite 3600<br>455 North Cityfront Plaza Drive<br>Chicago, IL 60611-5599<br>Tel: (312) 321-4200<br>Fax: (312) 321-4299 |

IT IS SO ORDERED:

Date: 1/11/08                    _____
                                 Hon. Audrey B. Collins
                                 United States District Court Judge,
                                 Central District of California

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KIWO, INC., <br><br>    Plaintiff, <br><br> v. <br><br> PLANETB TECHNOLOGIES, INC., <br><br>    Defendant. | Case No. CV07-06880 ABC (MANx) |

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1. My address is _____.

2. If I am an expert, a copy of my curriculum vitae is attached.

3. My present employer is _____.

4. My present occupation or job description is _____.

5. I received a copy of the Stipulated Protective Order Regarding Confidentiality entered in this action on _____.

6. I carefully read and I understand the provisions of the Stipulated Protective Order Regarding Confidentiality.

7. I will comply with all of the provisions of the Stipulated Protective Order Regarding Confidentiality.

8. I will hold in confidence, not disclose to anyone not designated in the Stipulated Protective Order Regarding Confidentiality, and will use

only for the purposes of this litigation, any information or documents designated as "CONFIDENTIAL."

9. I will return all documents designated as "CONFIDENTIAL" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the disclosing party, promptly upon the request of counsel for such party, or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of this action.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the terms of the Stipulated Protective Order Regarding Confidentiality and of the terms of this Declaration.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.

_____
(Signature)

NAME, ADDRESS AND TELEPHONE NUMBER OF ATTORNEY(S)

Albin H. Gess (State Bar No. 52,404)   agess@swlaw.com
SNELL & WILMER LLP
600 Anton Blvd., Suite 1400
Costa Mesa, CA  92626      Tel: 714 427 7020

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIWO, INC.<br><br>PLAINTIFF(S),<br>v.<br><br>PLANETB TECHNOLOGIES, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV07-6880 ABC (MANx)<br><br>**PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE** |

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange_____, State of California, and not a party to the above-entitled cause. On January 10_____, 20 08_____, I served a true copy of Stipulated Protective Order Regarding Confidentiality of Information, Documents and Things_____ by personally delivering it to the person (s) indicated below in the manner as provided in FRCivP 5(b); by depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following: (list names and addresses for person(s) served. Attach additional pages if necessary.)

Place of Mailing: Costa Mesa, CA_____
Executed on January 10_____, 20 08_____ at Costa Mesa,_____, California

Please check one of these boxes if service is made by mail:

☐ I hereby certify that I am a member of the Bar of the United States District Court, Central District of California.

☒ I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

☐ I hereby certify under the penalty of perjury that the foregoing is true and correct.

_____
Signature of Person Making Service

## ACKNOWLEDGEMENT OF SERVICE

I, _____, received a true copy of the within document on _____.

_____          _____
Signature                                                    Party Served

CV-40 (01/00)               PROOF OF SERVICE - ACKNOWLEDGMENT OF SERVICE

SERVICE LIST

James D. Sloan
Casondra K. Ruga
WESTON, BENSHOOF, ROCHEPORT,
RUBALCAVA & MacCUISH LLP
333 S. Hope Street, Sixteenth Floor
Los Angeles, CA 90071


William H. Frankel
James P. Naughton
Stephanie J. Felicetty
BRINKS HOFER GILSON & LIONE
NBC Tower, Suite 3000
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599